The Honorable Bruce Holland State Senator Post Office Box 2387 Greenwood, Arkansas 72936
Dear Senator Holland:
This is my opinion on your question about whether a medical service provider is obligated to release a medical lien, and to "pay any fee associated with the recording of [the] release," after having received full payment for its services from a liability insurer whose policyholder injured the patient.
I assume the lien in question was established under the Medical, Nursing, Hospital, and Ambulance Service Lien Act,Act 130 of 1933, as amended, A.C.A. §§ 18-46-101 to -117 (Repl. 2003, Supp. 2009).
The Act expressly governs a lienholder's obligations upon lien satisfaction:
 When a lien has been satisfied . . ., the [medical service provider] . . . that established . . . it shall, on written demand and at the expense of the patient, or the person by whom the patient was injured, or by [sic] the insurer obligated by reason of the injury, give a written release, duly acknowledged before a justice of the peace or notary public.
A.C.A. § 18-46-114(a) (Repl. 2003) (emphases added).
RESPONSE
It is my opinion, based on the statute, that a lienholder under the Act is not technically required to accomplish the actual release of the lien, or to pay any associated fee. Instead, the lienholder's obligation, after the claim underlying the *Page 2 
lien is satisfied, is to "give" (provide) a duly acknowledged written release document, but only after having received a written demand for release, and only at the expense of one of the persons named in the statute. Once the medical provider has provided the required release document, the recipient may record it, and its recordation is prima facie evidence of the lien's release.See A.C.A. § 18-46-115(b) (Repl. 2003). The statute does not, however, obligate the lienholder to file the release or to bear any expense associated with the release, including, in my view, any filing fee.
I understand that it is not uncommon for the medical provider to file the release document and pay the filing fee to the Circuit Clerk. It may be that such a filing is made under an agreement between the medical provider and the insurer or other person paying the medical provider's bill and it may be that the payment includes reimbursement of the filing fee. Regardless, there is nothing unlawful or suspect in its filing a lien release or paying a filing fee and this opinion should not be interpreted to state or imply otherwise.
A bill pending in the General Assembly, HB1833, would amend A.C.A. § 18-46-114 to require the medical service provider to file the release. A requirement to file would presumably imply a requirement to pay any associated filing fee. The bill's terms reinforce my conclusion that, under current law, a medical service provider is not required to make the filing or pay any fee. Enactment of HB1833 in its current form would, of course, change the applicable law and in all likelihood the conclusions stated in this opinion.
Assistant Attorney General J. M. Barker prepared this opinion, which I approve.
Sincerely,
DUSTIN McDANIEL Attorney General